**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03873-DOC-MBK Date: July 16, 2026

Title: Marcos Ernesto Vasquez Pacheco v. Pamela J. Bondi et al (A-Number: 246294453)

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING TEMPORARY RESTRAINING ORDER [2]**

On July 13, 2026, Petitioner Marcos Ernesto Vasquez Pacheco ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."), challenging the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") (Dkt. 1). On the same day, Petitioner filed a Motion for a Temporary Restraining Order (Dkt. 2). For the reasons stated below, the Application is **GRANTED**.

## I. Background

### A. Facts

Petitioner alleges the following:

Petitioner has lived in the United States since arriving from Peru in 2022. Dkt. 1 at 3. Since arriving to the United States, Petitioner obtained employment authorization from United States Citizenship and Immigration Services, has a Social Security number, California driver's license, and has filed his taxes. *Id.* at 4. Petitioner has no criminal record and is a husband and father. *Id.* On July 2, 2026 Petitioner appeared for his

scheduled appointment with ICE where he was detained by ICE and taken into custody at Adelanto Detention Facility. *Id.*

## II. Legal Standard

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

For the Court to grant an application for a TRO, the moving party must show: (1) they are "likely to succeed on the merits" of the underlying claim; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor;" and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

## III. Discussion

### A. Likelihood Of Success On The Merits.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those without lawful status *Zadyvadas v. Davis*, 533 U.S. 678, 693-94 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (cleaned up)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Here, it appears that Petitioner was granted a form of immigration status in the United States since he had a social security number and driver's license. Petitioner attached copied of these documents to his Petition, along with copies of his tax returns. To determine constitutionally sufficient procedures to protect a liberty interest, courts apply the *Mathews* test. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This test requires courts to balance three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.*

Turning to the first factor, Petitioner had a significant liberty interest in remaining out of custody, given the Government's promise through its grant of unidentified interim legal status. *See Zadvydas*, 533 U.S. at 690. A liberty interest, such as Petitioner's, is paramount and, should therefore, be protected. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("We have always been careful not to minimize the importance and fundamental nature of the individual's right to liberty." (cleaned up)).

Under the second factor, the risk of erroneous deprivation is high. The government revoked Petitioner's status without any opportunity for pre-detention review and opportunity to be heard. The government earlier found Petitioner to be suitable for interim status by likely determining he is not a flight risk or danger to the community. Thus, the government's implicit reversal of this determination without any opportunity for pre-detention review makes the opportunity for erroneous deprivation extremely high.

Third, the government's interest in detaining Petitioner without notice, reasoning, and a hearing is low. The government has the capability to hold such a hearing and provide the requisite notice. Forcing the government to comply with proper procedures imposes a very low burden. *See Pinchi*, 792 F. Supp. 3d at 1038-39; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Accordingly, the Court joins numerous of its sister courts in finding that Petitioner's detention is unlawful because when the Government re-detained him, it revoked his conditional release in violation of the Due Process Clause. *See e.g.*, *Gergawi*

*v. Larose*, No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *4 (S.D. Cal. Dec. 23, 2025); *Pinchi*, 792 F.Supp.3d at 1038; *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *5 (S.D. Cal. Sept. 26, 2025); *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) .

**B. Irreparable Injury**

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Where, as here, the "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)). Indeed, "unlawful detention certainly constitutes extreme or very serious' damage, and that damage is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). Petitioner has shown evidence that he has been deprived of due process regarding his detention, so this factor tilts in his favor.

**C. Balance of Equities and Public Interest**

"A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023); *see California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge."). And "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Cal. Chamber of Commerce v. Council for Educ. and Research on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) (cleaned up). Indeed, "public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1120 (9th Cir. 2023) (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law").

Here, Petitioner has demonstrated a likelihood of success on the merits so the third and fourth factors also tilt in his favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:26-cv-03873-DOC-MBK Date: July 16, 2026



### D. Bond Requirement

Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)) (quotation modified). Accordingly, the Court waives the bond requirement here, as it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).

## IV. Conclusion

For the above reasons, the Court **GRANTS** Petitioner's Application. Respondents are **ORDERED** to release Petitioner from custody immediately under no more stringent conditions of release than the original bond conditions. Furthermore, Respondents are **ENJOINED** from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter and the government has shown justification for this detention.

This TRO will expire on July 29, 2026. Should the parties wish to submit briefing, Respondents must file any brief arguing why a preliminary injunction should not issue no later than August 5, 2026, and Petitioner must file any opposing brief no later than August 12, 2026. The court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Preliminary Injunction Application or take the Preliminary Injunction Application under submission.

The Clerk shall serve this minute order on the parties.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**